SUSKIND STERN *v.* THE CONGREGATION SCHAARE RACHMIN.

To defeat a recovery by a servant, for services offered to be performed by him under an unexpired contract of employment, on the ground of his discharge by the master, the latter must establish affirmatively that the discharge was for just cause. A mere admission by the plaintiff upon the trial that his discharge was for " alleged cause," has not the force of present proof of facts from which a sufficient cause may be inferred.

At a general meeting of the members of a religious society, the plaintiff was elected sexton for one year, at a fixed annual salary, and entered upon his duties. At a meeting of the board of trustees resolutions were afterward passed discharging the plaintiff for " alleged cause," and he was also expelled from membership with the congregation: *Held,* that it not appearing that membership was a prerequisite to the position of sexton, his expulsion did not affect his legal rights, under the contract of employment as sexton.

APPEAL by the plaintiff from a judgment of the Fourth District Court.

The action was brought to recover for services rendered by the plaintiff, as the sexton of the defendant. It was admitted on the trial, that the defendant was a duly incorporated religious society; that the plaintiff was elected sexton of the society at a general meeting of the congregation, in April, 1864, for one year, to commence from May 1, 1864, at an annual salary, payable quarterly; this salary had been paid up to February 1, 1865. In January, 1865, at a regular meeting of the board of trustees, it was resolved to discharge the plaintiff from his employment, and he was so discharged by the trustees, although plaintiff did not consent to such discharge, and was ready to perform the services for which he was employed. The plaintiff was a member of the congregation, and on the charges made against him, which caused his discharge as sexton, he was expelled from his membership of the congregation, on or about May 28, 1865. Judgment was rendered for the defendants, and the plaintiff appealed to this court.

*A. A. Phillips,* for appellant.

*P. J. Joachimsen,* for respondents.

BARRETT, J.—Upon the statement of facts presented to the court below, the plaintiff was entitled to judgment. By a contract, the validity of which is not questioned, he was employed as the defendant's sexton for one year, at a fixed compensation. He was discharged, and for aught that appears, unjustly, before his term of service had expired. The contract itself, together with performance on the plaintiff's part until discharged, and his readiness and willingness thereafter, being admitted facts, it was incumbent upon the defendant to establish affirmatively the propriety and justice of the discharge. Nothing of the kind appears in the return. The statement that he was discharged "for alleged cause" is wholly insufficient. What was required was an admission, which should have the force of present proof, and not a mere past allegation based upon the defendant's own conclusions from undisclosed facts. This defect of proof is not cured by the further admission of the plaintiff's expulsion from membership in the congregation for the same "alleged cause." In the absence of the facts upon which the charges were founded, the plaintiff's innocence can alone be assumed; and the expulsion may have been an additional act of injustice. Besides, it nowhere appears that membership was a prerequisite to holding the position of sexton, and the plaintiff may have been a bad member, and yet a faithful servant of the society. His failure, for instance, to perform the religious duties imposed upon the members is not inconsistent with the strict performance of his legal obligations under the contract; and yet the former may have been the sole cause of his expulsion.

It was, therefore, immaterial whether the discharge emanated from the trustees, or from the society at large. In either case, it was, upon the facts before us, without justification. The question of the authority of the trustees, in any case, to discharge a sexton elected by the whole body, does not, therefore, arise.

The judgment should be reversed.

DALY, F. J.—I agree in the conclusion to which Judge Barrett has arrived.

A sexton, says Burns, is the keeper of the holy things belonging to the divine worship (3 Burns' Ecc. Law, 342, 6 Lond. ed.) With us, he is a person who has the care of a house of public worship, and who discharges certain duties connected therewith, which differ more or less, according to the requirements or practice of the religious sect to which the congregation belongs for whom he acts. From the very nature of his duties he is one who should be in sympathy with the religious views and usages of the congregation for whom he discharges such a trust, and their power to remove him for acts or omissions which they consider detrimental to the well-being of their religious body, its influence, or its teachings, should be very liberally construed. Where such a place is held by prescription, as it may be in England for life, it is regarded as an office in which the incumbent has a freehold, of which he cannot be deprived by ecclesiastical censures, though punishable thereby (1 Black. Com. 395; 2 Rolles' Abr. 234; 3 Burns' Ecc. Law, title *Sexton*). But it is otherwise where, by the usage, he holds at the pleasure of those who elect or appoint him, for in that case, those who appoint have also the power to remove him at pleasure (*Rex* v. *Guardians, &c.* 1 Strange, 115).

At a general meeting of the members of the congregation, the plaintiff was elected sexton for a year, at a fixed annual salary, and in pursuance of this election he entered into a contract with the trustees of the congregation, by which he became bound for the faithful performance of his duties, and to observe the orders of the president, so that the reciprocal relation of the parties in the case rests upon contract. At a meeting of the board of trustees afterward, it was resolved to discharge the plaintiff from his employment, for " alleged cause," and he was accordingly discharged before the end of the year. As the defendants had contracted to employ him for a year, they could not discharge him before the expiration of that time, unless for such cause as would entitle them to put an end to the contract and dismiss him. It was no answer to his action for the fulfillment of the contract, that the board of trustees resolved to, and did, discharge him for alleged cause. The cause must be shown, and it must be such as the law would

deem a sufficient one for dismissing him from his employment. It does not help the case, that he was expelled from his membership in the body, upon the charges which caused his discharge as sexton. The nature of these charges is not disclosed, nor is any thing else shown except that the Supreme Court refused upon *mandamus* to reinstate him in his membership. All this is no answer to the action upon the contract. The relation established by it was that of master and servant, and as the defendants dismissed the plaintiff before ·the expiration of the time for which he was employed, it was incumbent upon them to show that they did so for sufficient cause, and they have not shown for what cause they dismissed him (Story on Contracts, chap. v. part ii.)

Judgment reversed.